Death Opinion














IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,027






CHARLES DEAN HOOD, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM ORDER DENYING DNA TESTING


FROM THE 296TH JUDICIAL DISTRICT COURT


OF COLLIN COUNTY, TEXAS






 Keasler, J., delivered the opinion of the Court joined by Keller, P.J., and Price,
Womack, Johnson, Hervey, Holcomb, and Cochran, JJ. Meyers, J., did not participate.


O P I N I O N



 Charles Dean Hood was convicted of capital murder and was sentenced to death. He
filed a motion for forensic DNA testing, which the trial court denied. Hood appeals, arguing
that the trial judge erred in various respects. We disagree and affirm the trial court's
judgment.


Facts


 In the fall of 1989, [Hood] was living with his boss, Ronald Williamson, and
his boss' girlfriend, Tracie Wallace (the two victims in this case). On
November 1, 1989, [Hood] was scheduled to report to work at 12:30 p.m. At
11:30 a.m., [Hood]'s boss came home for lunch and found a note allegedly
from his girlfriend saying that she had gone jogging. However, Williamson
apparently suspected something was wrong since Tracie's name was
misspelled on the note. Williamson called the police and told them that he
believed that his girlfriend had been abducted. After the police arrived at the
victims' house, they found both Williamson and Wallace dead with gunshot
wounds to their heads. [Hood]'s fingerprints were found on the "girlfriend's"
note, on garbage bags that had covered her dead body, and on documents that
had been taken from his boss' safe. [Hood] was also later found to be in
possession of several items of Williamson's property. (1)


Procedural History


 Hood filed a motion for DNA testing on May 19, 2004. In it, he requested testing of
eight different items: a tan jacket, two pillowcases, a pair of jeans, a T-shirt, a black jacket,
a comforter, and a sponge. He attached to his motion an anonymous letter from a
"Concerned Citizen" sent to the Collin County District Attorney in May 2003. The letter
implies that Hood is innocent of the crime.

 The State filed its response and proposed findings on August 23, 2004. The trial
judge denied Hood's motion on August 25 and signed the State's proposed findings on
September 8. The judge made the following findings:

  All eight items exist and are available for testing.


  Identity was an issue in the case.


  Hood must establish by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained
through DNA testing.


  Testing of the items could not provide results that could exculpate
Hood.


  Hood would have been convicted even if evidence of forensic DNA
testing had been presented at trial.


  Hood has not met his burden to show that he is seeking genetic testing
for any reason other than to delay the execution of his sentence.


Two days later, Hood filed his own proposed findings and notice of appeal.

Analysis


 In his first point of error, Hood argues that the trial judge applied the wrong burden
of proof. He complains that the judge required him to establish "by a preponderance of the
evidence that he would not have been convicted if exculpatory results had been obtained
through DNA testing." According to Hood, applying this burden of proof required him to
"actually establish" that he would not have been convicted. But, Hood argues, he should
have been required to prove only a "probability" that he would not have been convicted. 

 Hood's argument fails because he relies on an outdated version of the statute. The
former version of Art. 64.03 required a convicted person to establish by a preponderance of
the evidence that "a reasonable probability exists that the person would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA testing." (2) But
the Legislature amended the statute effective September 1, 2003. (3) The statute now requires
a convicted person to establish by a preponderance of the evidence that "the person would
not have been convicted if exculpatory results had been obtained through DNA testing." (4) 
The current statute applies to cases in which the DNA motion was filed after the statute's
effective date. (5) Hood's motion was filed May 19, 2004. The trial judge therefore applied
the correct statute and the correct burden of proof. 

 Additionally, Hood is mistaken that this burden of proof requires him "to actually
establish" that he would not have been convicted. The statute is clear that the burden of
proof is preponderance of the evidence. Hood's first point of error is overruled.

 In his second and third points, Hood contends that the trial judge erred in finding that
DNA results would not be exculpatory and that he would have been convicted even with
DNA testing. Hood claims that the evidence of his fingerprints at the home is not persuasive
because he lived at the home. He argues that there was also evidence of unknown
fingerprints in the home and that the murder weapon was never found. Hood argues that
Andrew "Andy" Yourston, Wallace's former boyfriend, had a motive for killing the two. 
Additionally, the "concerned citizen" letter suggests that the killer was named "Randy,"
which is close to "Andy."

 We reject Hood's argument because the evidence at trial conclusively established
Hood's guilt. In addition to the evidence mentioned above, there was evidence that:

  On the morning of the offense, Hood purchased flowers, using
Williamson's credit card and wearing the watch that Williamson
usually kept locked in his safe.


  When Williamson called 911, he was talking to Hood during the phone
call; Hood's voice could be heard responding.


  Four minutes later, when the police responded, Williamson was dead
and Hood was no longer on the premises.


  Tracing Williamson's credit card, the police discovered that Hood was
en route to Indiana to visit the woman to whom he sent the flowers.


  Hood stopped to cash two of Williamson's business checks that he
forged to himself, and to pawn one of Williamson's rings.


  Hood arrived in Indiana in Williamson's car, in which were many other
items stolen from Williamson's house.


 Even if DNA tests revealed the blood of another individual at the crime scene - even
Andrew Yourston - that evidence would at most establish that Hood acted with someone else
in committing the crime. Hood's bloody fingerprints were found on the door to the room
where Wallace's body was found and on the trashbags in which her body was wrapped. His
fingerprints were on the note purportedly left by Wallace. These are not the fingerprints of
someone who just happened to be living at the house; these are fingerprints demonstrating
involvement in the crime. Hood's voice was on the 911 tape recorded minutes before
Williamson's death, and Hood was then nowhere to be found when the police arrived. Hood
was later apprehended in Indiana after leaving a trail of purchases with Williamson's credit
card and possessing numerous items from the home, including Williamson's car. Hood fails
to establish by a preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing. We overrule Hood's second and
third points of error.

 In his fourth and final point of error, Hood argues that the trial court erred in finding
that his only reason for seeking DNA testing was to delay the execution of his sentence. We
have already concluded that Hood fails to establish by a preponderance of the evidence that
he would not have been convicted if exculpatory results had been obtained through DNA
testing. As a result, he cannot establish that the trial judge erred in denying his motion for
DNA testing. We therefore need not decide whether his motion was made to unreasonably
delay the execution of his sentence. Hood's fourth point of error is overruled.

Conclusion


 The trial court did not err in denying Hood's motion for forensic DNA testing. We
affirm the trial court's order.


DATE DELIVERED: March 2, 2005

PUBLISH
1. Hood v. State, No. 71,167, slip op. at 1 (Tex. Crim. App. Nov. 24, 1993) (not
designated for publication).
2. Acts 2001, 77
th Leg., R.S., ch. 2, § 2, eff. April 5, 2001. 
3. Acts 2003, 78
th Leg., ch. 13, § 3, eff. September 1, 2003.
4. Tex. Code Crim. Proc. Art. 64.03(a)(2) (Vernon Supp. 2004).
5. Acts 2003, 78
th Leg., ch. 13, § 8, eff. September 1, 2003.